NOT RECOMMENDED FOR PUBLICATION OR CITATION

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
ASHLAND

CIVIL ACTION NO. 10-CV-54-HRW

WILLIAM B. WALKER                                                  PLAINTIFF

VS:                 **MEMORANDUM OPINION AND ORDER**

LADONNA H. THOMPSON, et al.                            DEFENDANTS

***** ***** *****

William B. Walker, an individual currently incarcerated at the Little Sandy Correctional Complex ("LSCC"), a State prison in Sandy Hook, Kentucky, originally submitted the instant *pro se* civil rights Complaint,[1] pursuant to 42 U.S.C. § 1983, together with several accompanying Motions, in the United States District Court for the Western District of Kentucky. The case was transferred here for proper venue and three of the initial motions were addressed in earlier orders.

The Complaint is now before this Court for initial screening, a procedural requirement under 28 U.S.C. § 1915A, when a civil action is being pursued by a prisoner against government officials. Additionally, 28 U.S.C. § 1915(e) demands that the Court screen a complaint when a plaintiff has qualified to proceed *in forma pauperis,* as this Plaintiff has. Both statutes require the Court to dismiss any claims that are frivolous or malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from defendants who are immune from such relief. *ld.* For the

---

[1] *Pro se* complaints are held to less stringent standards than those drafted by attorneys. *See Wagenknect v. United States.* 533 F.3d 412, 415 (6th Cir. 2008). Moreover, at the screening phase, the allegations in a *pro se* complaint must be taken as true and construed in favor of the plaintiff. *See Thomas* v. *Eby,* 481 F.3d 434, 437 (6th Cir. 2007); *Allard* v. *Weitzman (In re DeLorean Motor Co.,* 991 F.2d 1236, 1240 (6" Cir. 1993).

reasons set forth below, most of the Plaintiff's claims will be dismissed, but two will be permitted to proceed.

## DEFENDANTS

As the Defendants, the Plaintiff has named LaDonna H. Thompson, Commissioner of the Kentucky Department of Corrections ("KDOC"), who, he specifies, is being sued in her official capacity; Joseph Meko, Warden of the LSCC, sued in his official and individual capacities; and Colleen Fanning, a correctional officer at the LSCC, in her individual capacity.

## CLAIMS

Plaintiff claims that (1) Meko placed the Plaintiff in disciplinary segregation for several days in violation of his due process rights; (2) a three-month delay in seeing a doctor about an eye problem caused injury to his eye, which constitutes cruel and unusual punishment; (3) he has been a victim of Defendants Thompson and Meko's policy of racial segregation in two-man cells, purportedly in violation of his Fourteenth Amendment right to equal protection; and (4) Defendant Fanning filed a disciplinary report against him in retaliation for his filing a grievance about her, a violation of his First Amendment right to petition the government for redress.

Walker also claims that (5) Defendant Thompson has taken excessive fines from his inmate account in violation of the Eighth Amendment and since that account holds his social security disability income, the taking of these funds is in violation of federal law protecting such income from attachment for payment of debts; (6) the double-celling of inmates makes prisoner property susceptible to damage, such as the recent destruction of Walker's TV, and the lack of a post-deprivation remedy for the loss is a violation of his right to due process of the law; and (7) Kentucky

Revised Statute ("KRS") § 197.045(5)(a)[2] is unconstitutional because it punishes the exercise of his First Amendment rights to petition the government for redress and it wrongly imposes two punishments for the one act of filing a frivolous lawsuit, *i.e.*, permitting both monetary fines and the loss of good conduct time in violation of the Fifth Amendment bar to double jeopardy.

## FACTS

Walker initially submitted a Complaint, memorandum, and exhibits. Record No.1. From these documents and a later-filed Motion to Amend [Record No. 15], which will be granted, the Court has construed the *pro se* Plaintiff's claims as stated above. In his attached memorandum, Walker begins his allegations with the following "FACTS:"

> The plaintiff, William B. Walker, has been the victim of a 1976 opinion of the Kentucky Supreme Court in his prior criminal appeal for over 30 years. The Supreme Court's determination in Walker v. Commonwealth, Ky. 75-628 (1976), has been erroneously and implicitly applied as collateral estoppel against Walker in subsequent actions including the same parties or privies, causing a legal disability or restraint against Walker which operates to deny him access to the courts and should not be applied against William B. Walker in this action.

Record No.1, Memorandum at p. 1. Attachments to the memorandum reveal additional facts. In 1975, a Kentucky jury in Jefferson Circuit Court convicted the Plaintiff of involuntary manslaughter in the first degree and fixed his punishment at 10 years imprisonment. The Supreme Court of Kentucky affirmed.

---

[2] The Kentucky statute provides in pertinent part as follows:

> The Department of Corrections shall, by administrative regulation, specify the length of forfeiture of good time and the ability to earn good time in the future for those inmates who have civil actions dismissed because the court found the action to be malicious, harassing, or factually frivolous.

KRS § 197.045(5)(a).

Attached opinions[3] from a number of State courts since then show that Walker made some of the same estoppel and other arguments about the 1976 decision in several State cases as he urges in his memorandum here. In fact, for this repetitious and meritless filings, it appears that Plaintiff was sanctioned by Kentucky courts at least three times by being ordered to pay fines from his inmate account, the fines challenged here being for $1,000 and $750.

Plaintiff asks the Court to award him damages, including punitive damages; enjoin racial segregation in assigning cells, enjoin the KDOC's deduction of money from the inmate accounts of prisoners who are being fined under KRS 197.045(5)(a), and order the reimbursement of all fines deducted from prisoners' accounts to date; and declare that KRS 197.045(5)(a) is unconstitutional.

### JUDICIAL NOTICE

The Court takes judicial notice of a previous cause of action initiated by the Plaintiff in this Court. In *Walker v. Litteral,* 02-CV-124-HRW, Walker challenged a $500 fine imposed upon him by Kentucky's Morgan Circuit Court when it found that he had filed a "'harassing" and "factually frivolous" cause of action. He also claimed that KRS 197.045(5)(a) was overbroad; its application to him violated his First Amendment right to access the courts under *Bounds v. Smith,* 430 U.S. 817, 822 (1977) and *Lewis v. Casey,* 518 U.S. 343, 348 (1996); and the statute infringes his Fourteenth Amendment right to due process.

This Court found that the Plaintiff had failed to state a claim upon which relief may be granted and dismissed his cause of action *sua sponte.* As to the imposition of the $500 fine, citing to *Rooker v. Fidelity Trust Co.,* 263 U.S. 413 (1923), *inter alia,* the undersigned informed him that

---

[3] One of the attachments is a copy of a later opinion by Kentucky's intermediate level of appeal, the Court of Appeals, which affirmed his convictions and his 180-year sentence handed down in Warren Circuit Court, on numerous charges related primarily to sexual abuse of children. *Walker v. Commonwealth*, 2001 CA-185-MR (Ky.App. 2001).

this Court was not the place to appeal a matter arising out of his State court case.

Borrowing language from *Lewis v. Casey,* this Court also wrote that "[d]epriving some one of a frivolous claim ... deprives him of nothing at all," a quote from *Lewis v. Casey*, 518 U.S. at 350-51. The Court then pointed out to Walker that he, like another plaintiff in a State prison, "was not penalized for exercising his rights; he was penalized for abusing his rights to access the courts." *Spencer v. Florida Dept. of Corrections*, 823 So.2d 752, 756 (2002). Additionally, the undersigned found no procedural or substantive due process problem with the Kentucky statute, and agreed with the Defendant that no fact or legal argument Walker overrode the presumptive constirutionality of the Kentucky statute.

Accordingly, the Plaintiff's earlier cause of action was dismissed, *sua ponte,* upon screening, for his failure to state a claim upon which the Court can grant relief. Although Walker brought a Motion to Reconsider, it was denied, and he did not appeal.

## DISCUSSION

The Court approaches Walker's claims seriatim. With regard to the first two claims, to the extent that Plaintiff has stated federal claims, which this Court does not decide, these purported claims are clearly time barred and must be dismissed.

In Kentucky, a personal injury claim must be brought within one year after the cause of action accrues. K.R.S. 413.140. The State statute of limitations for personal injuries governs claims brought under the federal constitution and 42 U.S.C. § 1983. *Wilson v. GarCia,* 471 U.S. 261 (1985); *Cox v. Treadway,* 75 F.3d 230, 240 (6th Cir. 1996) (citing *Collard v. Kentucky Board o/Nursing,* 896 F.2d 179, 182 (6th Cir. 1990) (§ 1983 actions in Kentucky are limited by the one-year statute of limitations found in § 413.140(l)(a)).

5

As to the first of his claims, the Plaintiff has alleged he was deprived of a liberty interest in 2008, when he was placed in disciplinary segregation on October 31"and kept there until November 3rd, without due process. Yet he did not file this lawsuit until more than one year later, when he submitted the instant Complaint to the United States District Court for the Western District of Kentucky on May 26, 2010. Therefore, presentation of this claim to the Court was untimely and the claim must be dismissed.

Similarly, even if the Court assumed the truthfulness of Plaintiff 's allegations that he suffered both an unconstitutional 3-month delay in seeing a doctor about his eye and a resulting injury from the delay in treatment, that delay ended when he saw the doctor on February 24, 2009. But Walker did not file this suit until fifteen months later. Therefore, this claim, too, is time-barred and must be dismissed as barred by the statute of limitations.

Third, describing himself as a "Nazi Christian," Plaintiff has challenged Defendants Thompson and Meko's policy of racial segregation for prisoners in two-man cells. On April 2, 2010, the Plaintiff filed a grievance about this matter, which is attached to the Complaint. In it, he complained, "Each time a new cellmate is moved into my room it is a young black gangster. This is not fair to me. This is segregation and in violation of Federal law ...." Attachment to Complaint, dated April 2, 2010.

*Johnson* v. *California,* 543 U.S. 499 (2005), requires strict scrutiny of the racial segregation of inmates. Therefore, summons will issue for the Defendant Commissioner and Warden to respond to these allegations in the instant Complaint. Defendant Fanning is not alleged to have taken part in this policy, however, and will not be summoned.

Plaintiffs sole claim against Defendant Farming is under the First Amendment. He grounds

6

this claim in the following series of events: Defendant Farming confiscated his tweezers; Walker immediately filed a grievance against her to get them back; and she wrote a disciplinary report against him for possessing unauthorized contraband. Attached administrative documents reveal that the tweezers had been altered by being burned on the ends, which the Plaintiff did not deny doing, and by having been sharpened with sandpaper, which Plaintiff claimed was his cell-mate's, not his. In the resulting disciplinary proceeding, Walker was found guilty of possession of the contraband, and he was punished with the loss of both items and a "reprimand & warning due to clear conduct."

A prisoner makes out a First Amendment retaliation claim by showing: "(1) [he] engaged in protected conduct; (2) an adverse action was taken against [him] that would deter a person of ordinary firmness from continuing to engage in that conduct; and (3) ... the adverse action was motivated at least in part by [his] protected conduct." *Thaddeus-X v. Blatter,* 175 F.3d 378, 394 (6th Cir. 1999) (en banc).

As to the first of these requirements, "protected conduct," the appellate court in this circuit has previously recognized that "[a]n inmate has an undisputed First Amendment right to file grievances against prison officials on his own behalf." *Herron* v. *Harrison,* 203 F.3d 410, 415 (6th Cir. 2000); *see also Smith v. Campbell,* 250 F.3d 1032, 1037 (6th Cir. 2001). However, there is clearly no federal right for prisoners, or anyone else, to have sharped and burned tweezers in their possession. According to the series of events presented by the Plaintiff himself, the discovery of his having such tweezers was what prompted Defendant Fanning to confiscate them and charge him. There is no support for the claim that the tweezers were taken and a charge brought because he was engaged in writing a grievance about Fanning.

Even if the Court were to conclude otherwise, that Walker was engaging in the protected

7

conduct of filing a grievance, his allegations fail to establish the other two components of a First Amendment retaliation claim. He alleges nothing suggesting that the result, *i.e.,* the loss of his tweezers, a disciplinary hearing, and/or a verbal warning, amounts to such a force as to deter a prisoner of ordinary firmness from writing grievances in the future.

As to the third component for a First Amendment claim, the Plaintiff's allegations contain no facts supporting his claim that the motive underlying Fanning's writing the disciplinary charge was to retaliate against him. His allegations contain no details as to the timing or nature of his grievance *vis a vis* the bringing of the disciplinary proceeding so as to even suggest a retaliatory purpose. In short, Plaintiff has submitted no facts to support the claim that his writing of the grievance was the "motivating factor" in Fanning's bringing the charge.

Moreover, a prisoner does not state a retaliation claim about the bringing of a misconduct charge if he was convicted of the misconduct charged against him. *Ruiz v, Bouchard,* 60 Fed,Appx. 572, 574 (6th Cir. 2003) (unpublished) (citing *Henderson v. Baird,* 29 F.3d 464, 469 (8th Cir. 1994)). The instant Plaintiff admitted to possession of the altered tweezers and was found guilty of possessing them. The Court finds no First Amendment retaliation claim stated here. Therefore, it will be dismissed.

Next, Plaintiff Walker challenges the constitutionality of the fines which Kentucky courts have levied against him and which the KDOC has obtained from his inmate account. According to Plaintiffs exhibits, the fines complained-of in this case are for $750 and $1,000, assessed against him for criminal contempt in Warren and Oldham Circuit Courts in Kentucky, and they were imposed specifically for his repetitious filings of meritless lawsuits and appeals. He does not state whether he appealed the decisions imposing the fines to the appellate courts in Kentucky.

As in the previous action before this Court, Plaintiff is again advised that "lower federal courts possess no power whatever to sit in direct review of state court decisions." *Atlantic Coast Line Railroad Co.* v. *Brotherhood ofLocomotive Engineers,* 398 U.S. 281,296 (1970). Federal review of such judgments may be had only in the Supreme Court of the United States. *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482 (1983). *See Cleveland Surgi-Ctr. v. Jones,* 2 F.3d 686 (6th Cir. 1993), *cert. denied.* 114 S. Ct. 696 (1994).

In addition to these reasons for dismissing the claims about the fines, the Court finds that the Plaintiff would not prevail on the merits. "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." U.S. Const. amend. VIII. In short, the Exessive Fines Clause "limits the government's power to extract payments, whether in cash or in kind, as punishment for some offense." *United States v. Bajakajian,* 524 U.S. 321, 328 (1998). However, only gross disproportionality will raise an Eighth Amendment excessive fines concern. *Pigee v. Quigley,* 2009 WL 3465477 (E.D. Mich. October 23, 2009) (citing *Bajakajian,* 524 U.S. at 334-35).

In the case *sub judice*, the Court finds that the Plaintiff has failed to state an Eighth Amendment claim for excessive fines. He has provided no facts to show disproportionality or to refute the State Court's finding of flagrant disobedience to its Orders; nor does he cite supporting case law defining "excessive" fines. *See Pigee v. Quigley,* No. 07-15110, 2009 WL 3465477, **10 (E.D.Mich. October 23, 2009). The total fines assessed against Walker to date, purportedly in the amount of $2,750, fall far short of being excessive – especially in a record showing that he received an over-payment of $73,202.80 in social security disability benefits and especially in comparison to the judicial resources wasted when the courts' time is squandered on frivolous litigation.

9

With regard to the KDOC's taking of funds derived from this social security disability income, Walker contends that the attachment of such income violates federal law, and he purports to rely on *Higgins v. Beyer*, 293 F.3d 683 (3rd Cir. 2002). Although that is a Third Circuit case and concerns veterans' disability income, it discusses relevant issues and draws parallels between the veterans' statute and the broader one which exempts social security benefits "from legal process." *Id.* at 690-91 (citing 42 U.S.C. § 407(a) and quoting *Bennett v. Arkansas*, 484 U.S. 395, 396 (1988)). The Court will require the Commissioner and Warden to respond to this claim, as the Court wishes for them to assess the applicability of *Higgins* and any impact on the statute based on Walker's having apparently acquired the disability funds fraudulently.

The most recent event about which the Plaintiff complains is an event occurring on May 27, 2010, when his TV was allegedly broken by the other inmate assigned to his 2-person cell. This claim does not appear in his original Complaint, but only in his later Motion to Amend. It did not appear originally because Walker had already initiated this Section 1983 action the previous day, on May 26th. Therefore, despite later-filed documents showing that he initiated a grievance about the TV, the record herein shows that when he filed this action, he had not exhausted the KDOC administrative remedies; nor do his later allegations or exhibits demonstrate exhaustion to date. *See* KDOC Policies and Procedures at 14.6.II.J.4. Therefore, without exhaustion, this claim will not be permitted to proceed. 42 U.S.C. 1997e; *Woodford v. Ngo*, 548 U.S. 81, 90 (2006).

Finally, as he has done in this Court before, the Plaintiff again challenges KRS 197.045(5)(a), the statute providing for the KDOC to take -- or bar the accumulation of -- good time for "inmates who have civil actions dismissed because the court found the action to be malicious, harassing, or factually frivolous." *Id.* This Court has already considered the constitutionality of the

10

statute in Plaintiff's previous action, and the Court will not revisit the issue on claims that the Plaintiff could and should have brought in his earlier proceeding.

The Court also notes that between Walker's 2002 challenge of the statute in this Court and the filing of this action, he pursued this and other arguments in the State courts as he presents here. In an appeal of the dismissal of one of his State proceedings, the Court of Appeals of Kentucky affirmed the Oldham Circuit Court's denial of Walker's petition for a declaration of rights. *Walker v, Commonwealth,* No, 2004-CA-1292-MR, 2006 WL 197582 (Ky. App. January 27, 2006). The appellate court noted that by that time in 2006, Walker had challenged his original conviction and the 1976 opinion of the Kentucky Supreme Court in 39 unsuccessful post-conviction motions. This repetitive abuse of the system was what had led to the courts' findings that his actions were frivolous, malicious or harassing within the meaning of KRS § 197.045(5)(a).

As to the remaining claims in that State action, the appellate court found that under Kentucky law, "[r]*es judicata* bars relitigation of matters previously litigated (*Barnett v, Commonwealth,* 348 S.W.2d 834, 835 (Ky. 1961 );" also, the courts have "an inherent power to punish for contempt. *Norton* v. *Commonwealth,* 37 S.W.3d 750, 751 (Ky. 2001);" the circuit court has the inherent right to impose a fine for contempt; and Walker had failed overcome the presumption of the constitutionality of KRS 197.045(5)(a). *Walker,* 2006 WL 197582 at *2.

As is obvious, except for a few new claims, the instant action is a repetition of the claims in Plaintiff s earlier action in this Court and earlier actions in the State court. The law in the federal courts is much the same as the State courts as to *res judicata* and claim preclusion (*Allen* v. *McCuny,* 449 U.S. 90 (1980) and *Vinson* v. *Campbell County Fiscal Court,* 820 F.2d 194, 197 (6th Cir. 1987)); as to the inherent power of the Courts to impose fines for criminal contempt (*Chambers v.*

11

*NASCO, Inc.,* 501 U.S. 32 (1991)); and the presumption of the constitutionality of a statute passed by the legislative body (*Mutual Ins. Co. of America* v. *Royal Appliance Mfg. Co.*, 112 Fed.Appx. 386 (6th Cir. 2004)).

Accordingly, to the extent that these same claims about KRS § 197.045(5)(a) are urged herein, they will be denied. Additionally, Plaintiff's memorandum about the 1976 opinion will be disregarded, and his motion to not give it any effect will be denied as it is unnecessary, moot, and irrelevant to the claims which will go forward from here.

## CONCLUSION

In light of the foregoing, **IT IS ORDERED** as follows:

1. The following are **DISMISSED,** *sua sponte*, for the Plaintiff's failure to state a claim upon which the Court may grant relief: (a) all claims asserted against Defendant Colleen Fanning; and (b) the claims that:

> (1) in 2008 Meko placed the Plaintiff in disciplinary segregation for several days in violation of his due process rights;
> (2) a three-month delay in seeing a doctor about an eye problem caused injury to Walker's eye, which constitutes cruel and unusual punishment;
> . . .
> (4) Defendant Fanning filed a disciplinary report against him in retaliation for his filing a grievance about her, in violation of his First Amendment right to petition the government for redress;
> (5) Defendant Thompson has taken excessive fines from Plaintiff's inmate account in violation of the Eighth Amendment . . . ;
> (6) Defendants' forcing inmates to share possessions but not providing them with a remedy upon destruction of the possessions, violates due process; and
> (7) Kentucky Revised Statute § 197.045(5)(a) is unconstitutional.

2. Plaintiff's Motion to Not Apply the 1976 Opinion of the Kentucky Supreme Court [Record No. 6] is **DENIED**.

3. To the extent that Plaintiff's recently filed Motion [Record No. 15] asks the Court to amend

its earlier rulings (on his requests for counsel, for a TRO, and for the 1976 opinion to not be applied), the Motion is **DENIED**; to the extent he seeks to add the TV claim, it is also **DENIED**; but in all other respects, the Motion is **GRANTED**, and these changes and exhibits are now considered a part of the record.

4. The Defendants in this action are KDOC Commissioner LaDonna H. Thompson and LSCC Warden Joseph Meko, in their official and individual capacities.

5. The Clerk of the Court is directed to forward by certified mail, return receipt requested, one copy of the Plaintiff's Complaint and the instant Memorandum Opinion and Order to the Office of General Counsel for the Kentucky Department of Corrections, Frankfort, Kentucky.

General Counsel shall have ten (10) days from the date of entry of this Order to complete and file a notice of waiver of service against any or all of the named Defendants.

However, if a waiver is not filed within said ten (10) days, the Clerk shall submit the matter.

6. The Answer to the Complaint shall be filed no later than 60 days after the notice of waiver of service is filed. However, if service is required, the Answer shall be filed no later than 20 days after service of summons.

7. The Plaintiff shall keep the Clerk of the Court informed of his current mailing address. Failure to notify the Clerk of any address change may result in a dismissal of this case.

8. For every further pleading or other document he wishes to submit for consideration by the Court, the Plaintiff shall serve upon each Defendant, or, if appearance has been entered by counsel, upon each attorney, a copy of the pleading or other document. The Plaintiff shall send the original papers to be filed with the Clerk of the Court together with a certificate stating the date a true and correct copy of the document was mailed to each Defendant or counsel. If a District Judge or

Magistrate Judge receives any document which has not been filed with the Clerk or which has been filed but fails to include the certificate of service of copies, the document will be disregarded by the Court.

This July 14, 2010.

Signed By:
Henry R Wilhoit Jr.
United States District Judge