NOT RECOMMENDED FOR PUBLICATION OR CITATION

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
ASHLAND

CIVIL ACTION NO. 10-CV-54-HRW

WILLIAM B. WALKER                                        PLAINTIFF

VS:               **MEMORANDUM OPINION AND ORDER**

LADONNA H. THOMPSON, et al.                       DEFENDANTS

\*\*\*\*\*    \*\*\*\*\*    \*\*\*\*\*

## I. INTRODUCTION

Plaintiff William B. Walker ("Walker"), formerly an inmate at the Little Sandy Correctional Complex ("LSCC") in Sandy Hook, Kentucky, and presently an inmate at the Northpoint Training Center in Burgin, Kentucky, filed this action, pursuant to 42 U.S.C. § 1983, alleging that various violations of his constitutional rights had occurred while he was an inmate at LSCC. As defendants, Walker named LaDonna H. Thompson, Commissioner of the Kentucky Department of Corrections ("KDOC"), in her official capacity; Joseph Meko, Warden of the LSCC, individually and in his official capacity; and Colleen Fannin, a correctional officer at the LSCC, in her individual capacity.

In his complaint, Walker raised the following claims: (1) Warden Meko placed him in disciplinary segregation for several days in violation of his due process rights; (2) he was

subjected to cruel and unusual punishment by a three-month delay in seeing a doctor about an eye problem and that that delay caused injury to his eye; (3) he has been a victim of defendants Thompson and Meko's policy of racial segregation in two-man cells, in violation of his Fourteenth Amendment right to equal protection; and (4) defendant Fannin filed a disciplinary report against him in retaliation for his filing a grievance about her, in violation of his First Amendment right to petition the government for redress; (5) defendant Thompson deducted excessive fines from his inmate account in violation of the Eighth Amendment and that since that account holds his social security disability income, the taking of these funds also violated federal law protecting such income from attachment for payment of debts; (6) the double-celling of inmates makes prisoner property susceptible to damage, such as the destruction of his television, and the lack of a post-deprivation remedy for the loss violated his due process rights; and (7) Kentucky Revised Statute ("KRS") § 197.045(5)(a)[1] is unconstitutional because it punishes the exercise of his First Amendment rights to petition the government for redress and it wrongly imposes two punishments for the one act of filing

---

[1] The Kentucky statute provides in pertinent part as follows:

> The Department of Corrections shall, by administrative regulation, specify the length of forfeiture of good time and the ability to earn good time in the future for those inmates who have civil actions dismissed because the court found the action to be malicious, harassing, or factually frivolous.

KRS § 197.045(5)(a).

a frivolous lawsuit, *i.e.*, permitting both monetary fines and the loss of good conduct time in violation of the Fifth Amendment bar to double jeopardy.

For the reasons detailed in the Memorandum Opinion and Order entered on July 14, 2010, the Court dismissed all of Walker's claims except for his claims that (1) defendants' policy of racial segregation in two-man cells violated his Fourteenth Amendment right to equal protection, and (2) the KDOC had violated federal law by deducting his social security disability income from his inmate account for payment of fines imposed by the Kentucky courts. Summons was issued to defendants Thompson and Meko to respond to the foregoing two claims, and they have filed an Answer thereto.

This matter is currently before the Court on Walker's "Motion To Alter or Amend Judgment" [Record No. 20], wherein he requests the Court to reconsider the dismissal of the those claims and to reinstate same. Walker has also moved for leave to supplement his "Motion To Alter and Amend Judgment" [Record No. 23]. For the reasons stated below, Walker's motion for leave to supplement his "Motion To Alter and Amend Judgment" will be granted and his "Motion To Alter or Amend Judgment" [Record No. 20], as supplemented by Record No. 23, will be denied.

## ANALYSIS

### A. Claims dismissed as time-barred

Walker's claims (1) that Warden Meko placed him in disciplinary segregation for several days in violation of his due process rights, and (2) that he was subjected to cruel and

unusual punishment by a three-month delay in seeing a doctor about an eye problem and that that delay caused injury to his eye, were dismissed because they were time-barred.

In his motion to alter or amend, Walker argues that the Court erred in dismissing these two claims, asserting that: (1) the legal restraint of the 1976 decision by the Kentucky Supreme Court concerning his underlying criminal conviction, *Walker v. Commonwealth*, Ky., 75-628 (1976), tolls the running of the statute of limitations under KRS 413.260(1); (2) equitable tolling applies to the one-year of statute of limitations; and (3) his claims are not time-barred under KRS 413.280 because he is under more than one disability.

The Court is unpersuaded by Walker's argument and finds it to have no merit.

**B. Dismissal of complaint against defendant Colleen Fannin**

Walker contends that the Court erred in dismissing the complaint against LSCC Correctional Officer Colleen Fannin in that the Court's decision was based on clearly erroneous factual findings and an incorrect legal standard. Out of an abundance of caution, the Court has reviewed the record again concerning its decision to dismiss the Complaint against Correctional Officer Fannin and the Court remains convinced that the original decision to dismiss the Complaint against Fannin was correct. Walker's argument to the contrary is without merit.

**C. Dismissal of claim for excessive fines levied by Kentucky courts**

Walker submits that the Court erred in dismissing his claim that the Kentucky courts have imposed excessive fines against him, in violation of his constitutional rights. Even if

Walker is correct that Kentucky courts have imposed excessive fines against him, this Court reiterates that "lower federal courts possess no power whatever to sit in direct review of state court decisions." *Atlantic Coast Line Railroad Co. v. Brotherhood of Locomotive Engineers,* 398 U.S. 281, 296 (1970). Federal review of such judgments may be had only in the Supreme Court of the United States. *District of Columbia Court of Appeals v. Feldman,* 460 U.S. 462, 482 (1983). *See Cleveland Surgi-Ctr. v. Jones,* 2 F.3d 686 (6th Cir. 1993), *cert. denied.* 114 S. Ct. 696 (1994). Thus, Walker's recourse is to challenge these allegedly excessive fines in the United States Supreme Court.

**D.    Exhaustion of administrative remedies**

Walker argues that special circumstances exist which should excuse him from having to exhaust his administrative remedies relative to the destruction of his property and that for these reasons, the defendants should be estopped from raising it as an affirmative defense.

First, the defendants have not raised Walker's failure to exhaust his administrative remedies as an affirmative defense. The Court concluded upon the initial screening, when none of the defendants had been served with process and were not before the court, that Walker's claim regarding the destruction of his television set was subject to dismissal because he had failed to exhaust his administrative remedies, as required by the Prison Litigation Reform Act ("PLRA"). Thus, the dismissal of that claim was not based on any affirmative defense to this claim raised by the defendants.

Walker claims that he should be excused from the exhaustion requirement because of the prior experience he encountered with Correctional Officer Fannin, who he alleged filed a disciplinary report against him in retaliation for his filing a grievance against her for confiscating a pair of burnt tweezers from his cell. Walker asserts that this prior experience has "deterred" him from exhausting his remedies and that he should excused from doing so. Having previously found no merit to Walker's claim that Officer Fannin filed a disciplinary charge against Walker in retaliation for his having filed a grievance against her, the Court is unpersuaded by Walker's claim that special circumstances exist to excuse the exhaustion requirement.

### E. KRS 197.045(5)(a)

In his complaint, Walker challenged the constitutionality of KRS 197.045(5)(a), the Kentucky statute authorizing the KDOC to take -- or bar the accumulation of -- good time credits for "inmates who have civil actions dismissed because the court found the action to be malicious, harassing, or factually frivolous." *Id.* The Court dismissed this claim because this Court had previously considered the constitutionality of that statute in Walker's prior action, and the Court noted that it would not revisit the issue on claims that Walker could and should have brought in his earlier proceeding.

In Walker's motion to supplement his motion to alter or amend, he shifts gears and moves away from his constitutional challenge to this statute, asserting that he should have argued that that statute is *not applicable* in state habeas corpus actions under KRS 419.020,

*et seq.*, or in actions under which a court can make special findings. Walker further asserts that KRS 197.045(5)(a) is unconstitutional when it is incorrectly applied by the courts to make special findings because it is not the process that is due to determine whether a civil action filed by an inmate is factually frivolous, malicious, or harassing.

Whether KRS 197.045(5)(a) is or is not applicable to a state habeas action is irrelevant to the present action, as the present action is not a habeas corpus action. Walker filed the present action pursuant to 42 U.S.C. § 1983. Regardless of whether Walker is claiming that KRS 197.045(5)(a) is inapplicable to a state habeas corpus proceeding or that KRS 197.045(5)(a) is unconstitutional, this claim is barred from consideration by this Court, a federal district court, under the *Rooker-Feldman* doctrine. This doctrine, described as "a combination of the abstention and *res judicata* doctrines, stands for the proposition that a federal district court may not hear an appeal of a case already litigated in state court. A party raising a federal question must appeal a state court decision through the state system and then directly to the Supreme Court of the United States." *United States v. Owens*, 54 F.3d 271, 274 (6th Cir. 1995) (citing *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 476 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923)). Walker's remedy in respect to his claim that KRS 197.045(5)(a) is not applicable to a state habeas action is first to present that claim to the Kentucky state courts and, if necessary, then to pursue appeals of that decision through Kentucky's appellate courts – to the level of the Commonwealth's Supreme Court – and then on to the Supreme Court of the United States.

### F. State court's factual findings of flagrant disobedience to its orders

Walker claims that this Court erroneously concluded that he had provided no facts to refute the state court's findings of flagrant disobedience to its orders. This claim concerns decisions by the Morgan Circuit Court and the Oldham Circuit Court both of which imposed contempt sanctions against Walker relative to his claim that he was denied counsel at his criminal trial in Warren Circuit Court, in violation of his Constitutional rights, and that his conviction was void. Walker also submits that this Court may inquire into the jurisdiction of the Warren Circuit Court over his underlying criminal conviction, that the Warren Circuit Court lost its jurisdiction over him at the beginning of his trial when it deprived him of his Sixth Amendment right to counsel, and that he did not knowingly and intelligently waive his right to counsel at that time.

Walker's claim challenging the jurisdiction of the Warren Circuit Court to try him on the criminal charges is barred from being considered by this Court, a federal district court, under the *Rooker-Feldman* doctrine, described as "a combination of the abstention and *res judicata* doctrines, which means that a federal district court may not hear an appeal of a case already litigated in state court. To reiterate, a party raising a federal question must appeal a state court decision through the state system and then directly to the Supreme Court of the United States." *United States v. Owens*, 54 F.3d 271, 274 (6th Cir. 1995) (citing *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 476 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923)). Walker's remedy is to present these claims to the Kentucky state

courts and, if necessary, then to pursue appeals of that decision through Kentucky's appellate courts – to the level of the Commonwealth's Supreme Court – and then on to the Supreme Court of the United States.

## CONCLUSION

In light of the foregoing, **IT IS ORDERED** as follows:

1. Walker's motion for leave to supplement his "Motion To Alter and Amend Judgment" [Record No. 23] is **GRANTED**.

2. Walker's "Motion To Alter or Amend Judgment" [Record No. 20], as supplemented by Record No. 23, is **DENIED**.

3. The remaining motions will be considered in a subsequent Opinion and Order.

This 22nd day of March, 2011.

Signed By:
Henry R. Wilhoit, Jr.
United States District Judge