UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
ASHLAND

CIVIL ACTION NO. 10-CV-54-HRW

WILLIAM B. WALKER                                                                PLAINTIFF

VS:              **MEMORANDUM OPINION AND ORDER**

LADONNA H. THOMPSON, et al.                                          DEFENDANTS

***** ***** *****

Plaintiff William B. Walker, an inmate at the Eastern Kentucky Correctional Complex ("EKCC"), a state prison in West Liberty, Kentucky, *pro se*, filed this action, pursuant to 42 U.S.C. § 1983, asserting various claims of civil rights violations against defendants LaDonna H. Thompson, Commissioner of the Kentucky Department of Corrections; Joseph Meko, Warden at Little Sandy Correctional Complex;[1] and Colleen Fanning, a Correctional Officer at LSCC. For the reasons detailed in the Memorandum Opinion and Order entered on July 14, 2010 [R. 17], the Court dismissed Walker's claims against Colleen Fanning; dismissed all of Walker's claims against the other two defendants, except for his claims that (1) defendants'

---

[1] At the time Walker filed his complaint, he was in inmate at the Little Sandy Correctional Complex ("LSCC") in Little Sandy, Kentucky. He has since been transferred to EKCC.

policy of racial segregation in two-man cells violated his Fourteenth Amendment right to equal protection, and (2) the KDOC had violated federal law by deducting his social security disability income from his inmate account for payment of fines imposed by the Kentucky courts. Summons was issued to defendants Thompson and Meko to respond to the foregoing two claims, and they have filed an Answer thereto.

This matter is currently before the Court on Walker's "Renewed Motion For Temporary Restraining Order And Preliminary Injunction" [R. 24], to which defendants have responded. For the reasons stated below, this motion will be denied.

### DISCUSSION/ANALYSIS

Walker's renewed motion for a temporary restraining order ("TRO") and preliminary injunction, concerns the deduction of monies from his prison inmate account to satisfy fines Walker has been ordered to pay by various state courts in Kentucky.[2] Walker asks this Court: (1) to enjoin the Kentucky Department of Corrections ("KDOC") from taking funds from his inmate account to satisfy these fines, and (2) to order the KDOC to reimburse him for the funds that have been deducted from his inmate account pursuant to a state court Order he asserts is null and void. Walker characterizes these fines as unlawful punishment imposed by Kentucky

---

[2] Specifically, Walker references a $1,000.00 fine imposed by the Boyle Circuit Court on October 4, 2010, and two other state court orders imposing fines that total $2,760.00.

2

state courts under KRS 197.045(5)(a) for the exercise of his constitutional rights.

Walker reiterates the same Constitutional argument made in his Complaint, *i.e.*, that taking the funds based on unsuccessful litigation violates his First Amendment right for redress; additionally, he claims that the statute, KRS 197.045(5)(a), is over broad. Further, he contends that deducting a prisoner's funds and thereby violating his Constitutional rights "constitutes irreparable harm," and that repayment of funds "would serve the public interest because it is always in the public's best interest to uphold the Constitution."

The *pro se* Plaintiff apparently misunderstands the role of this Court. To the extent that he wishes to challenge the Boyle Circuit Court's Order of October 4, 2010, which imposed a $1,000.00 fine and directed the Clerk of the Court to accept no more filings from Walker until the fine had been paid, he is advised that his request for injunctive relief is barred by the *Rooker-Feldman* doctrine. This doctrine, described as "a combination of the abstention and *res judicata* doctrines, stands for the proposition that a federal district court may not hear an appeal of a case already litigated in state court. A party raising a federal question must appeal a state court decision through the state system and then directly to the Supreme Court of the United States." *United States v. Owens*, 54 F.3d 271, 274 (6th Cir. 1995) (citing *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 476 (1983); *Rooker*

*v. Fidelity Trust Co.*, 263 U.S. 413 (1923)). However displeased Walker is with the imposition of the $1,000.00 fine or any other fine imposed by a state court, his remedy is not to seek relief from a federal district court. Instead, he must pursue appeals of that decision through Kentucky's appellate courts – to the level of the Commonwealth's Supreme Court – and then on to the Supreme Court of the United States.

Accordingly, **IT IS HEREBY ORDERED** that Walker's "Renewed Motion For Temporary Restraining Order And Preliminary Injunction" [R. 24] is **DENIED**.

This 16th day of August, 2011.



Signed By:
Henry R. Wilhoit, Jr.
United States District Judge

4