UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
ASHLAND


CIVIL ACTION NO. 10-CV-54-HRW


WILLIAM B. WALKER                                      PLAINTIFF


VS:          **MEMORANDUM OPINION AND ORDER**


LADONNA H. THOMPSON, et al.                      DEFENDANTS

***** ***** *****

Plaintiff William B. Walker, an inmate at the Eastern Kentucky Correctional

Complex ("EKCC") a state prison in West Liberty, Kentucky, *pro se*, filed this action,

pursuant to 42 U.S.C. § 1983, asserting various claims of civil rights violations

against defendants LaDonna H. Thompson, Commissioner of the Kentucky

Department of Corrections; Joseph Meko, Warden at Little Sandy Correctional

Complex;[1] and Colleen Fanning, a Correctional Officer at LSCC.  Walker seeks

injunctive relief and damages.  This matter is proceeding on Walker's claims that (1)

defendants' policy of racial segregation in two-man cells violated his Fourteenth

Amendment right to equal protection, and (2) the Kentucky Department of

---

[1] At the time Walker filed his complaint, he was in inmate at the Little Sandy Correctional
Complex ("LSCC") in Little Sandy, Kentucky.  He has since been transferred to NTC.

Corrections ("KDOC") has violated federal law by deducting his social security disability benefits from his inmate account for payment of fines imposed by the Kentucky courts.

This matter is currently before the Court on Walker's motion for summary judgment as to liability on both of his claims. This motion has been fully briefed and is ripe for review. Because Walker has failed to establish that there is no genuine issue as to a material fact regarding each of his claims, he is not entitled to summary judgment. The rationale underlying the Court's decision is set forth below.

## DISCUSSION/ANALYSIS

### Standard for Summary Judgment

In *Menuskin v. Williams*, 145 F.3d 755 (6th Cir. 1998), the Sixth Circuit reiterated the standard to be employed when considering a motion for summary judgment, as follows:

> . . . Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). In applying this standard, we view the evidence so that all justifiable inferences are drawn in favor of the non-moving party. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986).

*Menuskin*, 145 F.3d at 761. *See also Street v. J. C. Bradford & Co.*, 886 F.2d 1472

(6th Cir. 1989).

The Court approaches Walker's motion for summary judgment with this standard in mind. At the outset, the Court notes that a Scheduling Order has not been entered in this case and that no discovery has occurred. Hence, there are no depositions, no answers to Interrogatories, no responses to any Requests for Admission, and no affidavits of record for reference in evaluating Walker's motion for summary judgment.

## 1. Claim of racial segregation in two-man cells

Walker asserts that it is the policy of prison officials at LSCC to racially segregate in two-man cells and that he was subjected to that policy, in violation of his Fourteenth Amendment right to equal protection. In support of this claim, Walker relies on a statement contained in the response LSCC Unit Director Terry Hall made in response to a grievance Walker filed at LSCC about racial segregation in two-man cells. This response is set out in full below:

> LSCC does not discriminate in its housing policy. Every inmate has the opportunity to sign a double bunk sheet with whomever they like. The Unit Administrators will complete a movesheet and place these individuals in the cell together. This is done without regard to race, religion, creed, national origin or any other limiting factor. **LSCC and every other institution in the state does not force bunk the different races due to security issues.** Again, any race may sign up together on a double bunk sheet and will be housed together. (Emphasis added).

*See* Inmate Grievance Form [R. 33-1] (Exhibit to plaintiff's Reply To Defendants' Response To Motion For Summary Judgment [R. 33]).

Walker relies only on the foregoing sentence highlighted in bold from Terry Hall's response.

Defendants deny that such a policy exists at LSCC and assert that they do not engage in racial discrimination when placing inmates in cells together. Defendants, by counsel, state that cell assignments at LSCC are based on a number of factors, such as age, security level, and classification score. They also state that LSCC inmates may request to be housed with a particular inmate and that if this request is proper and not a threat to institutional security, it is permitted.

Although the argument of defendants' counsel is not sworn testimony on which the Court can rely, the response of LSCC Unit Director Terry Hall at least presents a factual dispute involving a genuine issue of material fact which precludes granting plaintiff summary judgment on this claim.

## 2. Deduction of social security benefits from his inmate account to pay fines

Walker also claims that the defendants have violated 42 U.S.C. § 407 by deducting social security benefits from his inmate account for the payment of fines, when such funds are exempt from seizure or attachment under the anti-attachment provision of the Social Security Act.

4

In response, defendants' counsel states that the defendants have taken no action to seize Walker's social security benefits, that the KDOC has never received a Social Security check either from Walker or on his behalf, and that the KDOC has not initiated any proceedings with the Social Security Administration to garnish or attach Walker's social security benefits. Defendants' counsel states that the only funds deducted from Walker's inmate account are those funds that have been deposited thereto via personal check or money order. For these reasons, defendants contend that Walker is not entitled to summary judgment on this claim.

In reply, Walker states that his social security benefits have been deposited to his bank account by direct deposit, presumably from the Social Security Administration, that such funds are then transferred from his bank account, presumably at his request to the bank, to his prison inmate account. Walker submits that his social security benefits, even when co-mingled with other funds, do not lose their "exempt" status simply because they are first deposited to his bank account before being transferred at a later date to his prison inmate account. However, Walker has provided no evidence that the source of the funds deducted from his prison inmate account can be traced to his directly-deposited social security benefits, and he has provided no authority for his argument that social security funds co-mingled with other funds retain their exempt-from-attachment status.

As no discovery has been conducted in this case, the Court concludes that a genuine issue of material fact presently exists as to whether the defendants have unlawfully deducted Walker's social security benefits from his prison inmate account; thus, Walker is not entitled to summary judgment on this claim.

Accordingly, **IT IS HEREBY ORDERED** that Plaintiff William B. Walker's motion for summary judgment [R. 31] is **DENIED**.

This 25th day of August, 2011.



Signed By:
Henry R. Wilhoit, Jr.
United States District Judge