UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
ASHLAND

CIVIL ACTION NO. 10-CV-54-HRW

WILLIAM B. WALKER                                          PLAINTIFF

VS:            **MEMORANDUM OPINION AND ORDER**

LADONNA H. THOMPSON, et al.                                DEFENDANTS

***** ***** *****

Plaintiff William B. Walker, an inmate at the Eastern Kentucky Correctional Complex ("EKCC") a state prison in West Liberty, Kentucky, *pro se*, filed this action, pursuant to 42 U.S.C. § 1983, asserting various claims of civil rights violations against defendants LaDonna H. Thompson, Commissioner of the Kentucky Department of Corrections; Joseph Meko, Warden at Little Sandy Correctional Complex ("LSCC");[1] and Colleen Fanning, a Correctional Officer at LSCC. Walker seeks injunctive relief and damages. This matter is proceeding on Walker's claims that (1) defendants' policy of racial segregation in two-man cells violated his Fourteenth Amendment right to equal protection, and (2) the Kentucky Department of Corrections ("KDOC") has violated federal law by deducting his social security disability benefits from his inmate account for payment of fines imposed by the

---

[1] At the time Walker filed his complaint, he was in inmate at LSCC in Little Sandy, Kentucky. He has since been transferred to NTC.

Kentucky courts.

This matter is currently before the Court on Walker's motion for joinder of claims. This motion has been fully briefed and is ripe for review.

## DISCUSSION/ANALYSIS

Walker's motion for joinder of claims appears to be based on his claim that his conviction in Warren Circuit Court in a criminal case in which the presiding judge was Judge John D. Minton, Jr.,[2] is null and void for a host of reasons. Based on that premise, Walker argues that his current incarceration is illegal, that the state court's Order imposing sanctions on him for filing frivolous actions is void, that defendants allowed themselves to become tools of a disqualified judge in Warren Circuit Court (Judge Minton), and that the federal court is not required to give full faith and credit to that void state court judgment.

Walker apparently misunderstands the role of this Court. To the extent that he wishes to challenge the Boyle Circuit Court's Order of October 4, 2010, which imposed a $1,000.00 fine and directed the Clerk of the Court to accept no more filings from him until the fine had been paid, or any other state court judgment or order, he is advised that his request for relief is barred by the *Rooker-Feldman* doctrine. This doctrine, described as "a combination of the abstention and *res judicata* doctrines, stands for the proposition that a federal district court may not hear an appeal of a case already litigated in state court. A party raising a federal

---

[2] Hon. John D. Minton, Jr., is no longer Warren Circuit Judge and is currently the Chief Justice on the Kentucky Supreme Court.

question must appeal a state court decision through the state system and then directly to the Supreme Court of the United States." *United States v. Owens*, 54 F.3d 271, 274 (6th Cir. 1995) (citing *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 476 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923)). However displeased Walker is with the imposition of the $1,000.00 fine or any other fine imposed by the state courts in Kentucky, his remedy is not to seek relief from a federal district court. Instead, he must pursue appeals of that decision through Kentucky's appellate courts – to the level of the Commonwealth's Supreme Court – and then on to the Supreme Court of the United States.

Accordingly, **IT IS HEREBY ORDERED** that Plaintiff William B. Walker's motion for joinder of claims [R. 34] is **DENIED**.

This 19th day of September, 2011.



Signed By:
Henry R. Wilhoit, Jr.
United States District Judge