UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
ASHLAND

CIVIL ACTION NO. 10-CV-54-HRW

WILLIAM B. WALKER                                            PLAINTIFF

VS:               **MEMORANDUM OPINION AND ORDER**

LADONNA H. THOMPSON, et al.                          DEFENDANTS

***** ***** *****

Plaintiff William B. Walker, an inmate at the Eastern Kentucky Correctional Complex ("EKCC") a state prison in West Liberty, Kentucky, *pro se*, filed this action, pursuant to 42 U.S.C. § 1983, asserting various claims of civil rights violations against defendants LaDonna H. Thompson, Commissioner of the Kentucky Department of Corrections; Joseph Meko, Warden at Little Sandy Correctional Complex ("LSCC");[1] and Colleen Fanning, a Correctional Officer at LSCC. Walker seeks injunctive relief and damages. This matter is proceeding on Walker's claims that (1) defendants' policy of racial segregation in two-man cells violated his

---

[1] At the time Walker filed his complaint, he was in inmate at LSCC in Little Sandy, Kentucky. He has since been transferred to EKCC.

Fourteenth Amendment right to equal protection, and (2) the Kentucky Department of Corrections ("KDOC") has violated federal law by deducting his social security disability benefits from his inmate account for payment of fines imposed by the Kentucky courts.

This matter is currently before the Court on Walker's second motion for joinder of claims. The defendants' response time having expired, this motion is ripe for review.

## DISCUSSION/ANALYSIS

Walker's second motion for joinder of claims appears to be based on his claim that his conviction in Warren Circuit Court in a criminal case in which the presiding judge was Judge John D. Minton, Jr.,[2] is null and void for a host of reasons. On that premise, Walker argues that his current incarceration is illegal, that the state court's Order imposing sanctions on him for filing frivolous actions is void, that KDOC employees wrongfully acted to notify the Social Security Administration of his incarceration, which resulted in the suspension of the payment of his monthly social security benefits, that prison officials enforcing the policies of Commissioner Thompson wrongfully applied prison rule CPP 15.2 to him, that defendants allowed

---

[2] Hon. John D. Minton, Jr., is no longer Warren Circuit Judge and is currently the Chief Justice on the Kentucky Supreme Court.

themselves to become tools of a disqualified judge in Warren Circuit Court (Judge Minton), and that the federal court is not required to give full faith and credit to that void state court judgment.

Walker apparently misunderstands the role of this Court. To the extent that he wishes to challenge the Boyle Circuit Court's Orders of October 4, 2010, and May 24, 2011, both of which imposed a $1,000.00 fine and directed the Clerk of the Court to accept no more filings from him until the fine had been paid, or any other state court judgment or order, he is advised that his request for relief is barred by the *Rooker-Feldman* doctrine. This doctrine, described as "a combination of the abstention and *res judicata* doctrines, stands for the proposition that a federal district court may not hear an appeal of a case already litigated in state court. A party raising a federal question must appeal a state court decision through the state system and then directly to the Supreme Court of the United States." *United States v. Owens*, 54 F.3d 271, 274 (6th Cir. 1995) (citing *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 476 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923)). However displeased Walker is with the imposition of the $1,000.00 fines or any other fine imposed by the state courts in Kentucky, his remedy is not to seek relief from a federal district court. Instead, he must pursue appeals of that decision through

Kentucky's appellate courts – to the level of the Commonwealth's Supreme Court – and then on to the Supreme Court of the United States.

Accordingly, **IT IS HEREBY ORDERED** that Plaintiff William B. Walker's second motion for joinder of claims [R. 38] is **DENIED**.

This 27th day of February, 2012.



Signed By:
Henry R. Wilhoit, Jr.
United States District Judge