UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
ASHLAND

Civil Action No. 10-54-HRW

WILLIAM B. WALKER,                                                    PLAINTIFF,

v.                          MEMORANDUM OPINION AND ORDER

LADONNA H. THOMPSON
and
JOSEPH MEKO,                                                         DEFENDANTS.

This matter is before the Court upon the parties' cross Motions for Summary Judgment [Docket Nos. 106, 109 and 111]. The matter has been fully briefed by the parties [Docket Nos. 108, 110, 112, 113 and 115]. For the reasons set forth herein, the Court finds that Defendants are entitled to judgment as a matter of law.

I.      FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff William B. Walker  filed this action, pursuant to 42 U.S.C. § 1983, alleging that various violations of his constitutional rights had occurred while he was an inmate at the Little Sandy Correction Complex ("LSCC") in Sandy Hook, Kentucky.   As defendants, Walker named LaDonna H. Thompson, Commissioner of the Kentucky Department of Corrections ("KDOC"), in her official capacity; Joseph Meko, Warden of the LSCC, individually and in his official capacity; and Colleen Fannin, a correctional officer at the LSCC, in her individual capacity.

In his complaint, Walker raised the following claims:  (1) Warden Meko placed him in disciplinary segregation for several days in violation of his due process rights; (2) he was subjected to cruel and unusual punishment by a three-month delay in seeing a doctor about an eye problem and that delay caused injury to his eye; (3) he has been a victim of defendants

Thompson and Meko's policy of racial segregation in two-man cells, in violation of his

Fourteenth Amendment right to equal protection; and (4) defendant Fannin filed a disciplinary

report against him in retaliation for his filing a grievance about her, in violation of his First

Amendment right to petition the government for redress; (5) defendant Thompson deducted

excessive fines from his inmate account in violation of the Eighth Amendment and that since that

account holds his social security disability income, the taking of these funds also violated federal

law protecting such income from attachment for payment of debts; (6) the double-celling of

inmates makes prisoner property susceptible to damage, such as the destruction of his television,

and the lack of a post-deprivation remedy for the loss violated his due process rights; and (7)

Kentucky Revised Statute ("KRS") § 197.045(5)(a) is unconstitutional  because it punishes the

exercise of his First Amendment rights to petition the government for redress and it wrongly

imposes two punishments for the one act of filing a frivolous lawsuit, *i.e.*, permitting both

monetary fines and the loss of good conduct time in violation of the Fifth Amendment bar to

double jeopardy.

For the reasons detailed in the Memorandum Opinion and Order entered on July 14,

2010, the Court dismissed all of Walker's claims except for his claims that (1) Defendants'

policy of racial segregation in two-man cells violated his Fourteenth Amendment right to equal

protection, and (2) the KDOC had violated federal law by deducting his social security disability

income from his inmate account for payment of fines imposed by the Kentucky courts.

Summons was issued to defendants Thompson and Meko to respond to the foregoing two claims,

and they  filed an Answer thereto.  The parties were then given an opportunity to conduct

discovery and, following several motions pertaining to discovery, now seek judgment as a matter

2

of law as to the two claims pending herein.

## II.    SUMMARY JUDGMENT STANDARD

Summary judgment should be granted "if the movant shows that there is no genuine

dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R.

Civ. P. 56(a). "By its very terms, this standard provides that the mere existence of *some* alleged

factual dispute between the parties will not defeat an otherwise properly supported motion for

summary judgment; the requirement is that there be no *genuine* issue of *material* fact. *Anderson*

*v. Liberty Lobby*, 477 U.S. 242, 247–48, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986) (emphases in

original).  A genuine issue of material fact exists only when, assuming the truth of the non-

moving party's evidence and construing all inferences from that evidence in the light most

favorable to the non-moving party, there is sufficient evidence for a trier of fact to find for that

party. A non-moving party cannot withstand summary judgment, however, by introduction of a

"mere scintilla" of evidence in its favor. *See Ciminillo v. Streicher*, 434 F.3d 461, 464 (6th Cir.

2006).

The standard of review for cross-motions of summary judgment does not differ from the

standard applied when a motion is filed by only one party to the litigation. *Taft Broad Co. v.*

*U.S.*, 929 F.2d 240, 248 (6th Cir. 1991).  The court must evaluate each party's motion on its own

merits, taking care in each instance to draw all reasonable inferences against the party whose

motion is under consideration. *Id.*

## III.    ANALYSIS

Plaintiff alleges that Defendants' practiced a policy of racial segregation in the two-man

cells at LSCC in violation of his Fourteenth Amendment right to equal protection.  Yet, Plaintiff

has not presented the Court with actual evidence of such a practice.  Defendants state that the cell assignments at LSCC are based upon a number of factors, including age, security level and classification score.   Although Plaintiff contends race a factor, he has nothing establishing that it is.  Summary judgment is mandated against a party who has failed to establish an essential element of his or her case after adequate time for discovery.  In such a situation, there is no genuine issue of material fact as the failure to prove an essential fact renders all other facts irrelevant.  *Celotex v. Cartett*, 477 U.S. 317, 322-323 (1986).

Plaintiff also maintains that Defendants violated 42 U.S.C. §407 by deducting his social security disability income from his inmate account for payment of fines imposed by the Kentucky courts.

42 U.S.C. §407  stipulates that benefit rights and payments are not assignable nor 'subject to execution, levy, attachment, garnishment or other legal process or to the operation of any bankruptcy or insolvency law.

Although Plaintiff claims Defendants illegally seized his Social Security benefits he has offered no evidence to support this claim.  Indeed, discovery produced no evidence that Defendants possessed funds due Plaintiff by the Social Security Administration.  The KDOC did not receive a benefit check from Plaintiff or from anyone on behalf of him.  Nor have the Defendants attempted to procure such funds from the Social Security Administration.  Rather, the only funds which have been deposited into Plaintiff inmate account and subsequently levied, arrived via personal check or money order, not from the Social Security Administration.  As such, Plaintiff's claim of violation of 42 U.S.C. § 407 is without merit.

## IV.    CONCLUSION

Accordingly, **IT IS HEREBY ORDERED**:

(1)     Plaintiff's Motions for Summary Judgment [Docket Nos. 106 and 109] are

        **OVERRULED** and

(2)     Defendant's Motion for Summary Judgment [Docket No. 111] is **SUSTAINED**.

A judgment in favor of the Defendants will be entered contemporaneously herewith.

This 26th day of September, 2013.



Signed By:
Henry R. Wilhoit, Jr.
United States District Judge